# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LAMAR E. FRENCH,**

    **Plaintiff,**

v.                                                                                  No. 18-cv-0284 JCH/SMV

**MICHAEL ARAGON,**
**10TH JUDICIAL DISTRICT COURT,**
**TUCUMCARI MAGISTRATE COURT,**

    **Defendants.**

## ORDER DENYING EXCUSAL OF INITIAL PARTIAL PAYMENT

THIS MATTER is before the Court on a letter from Plaintiff Lamar E. French, [Doc. 4], docketed on April 16, 2018, which asks the Court to excuse submission of the $18.93 initial partial payment assessed by the Court in its April 5, 2018 Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b) and to Make Payments or Show Cause, [Doc. 3]. Plaintiff asks the Court to excuse submission of the initial partial payment because his application seeking leave to proceed *in forma pauperis* was granted, he makes very little money, he needs his money to purchase commissary items, he owes child support, and he will be released in a few months, at which point he will have no income. [Doc. 4]. For the reasons explained below, Plaintiff's request to excuse the initial partial payment will be denied.

The *in forma pauperis* statute, 28 U.S.C. § 1915, only excuses a litigant from *prepayment* of fees. 28 U.S.C. § 1915(a)(1). Thus, a prisoner granted *in forma pauperis* status is "required to pay the full amount of the filing fee." § 1915(b)(1). The fee provisions of 28 U.S.C. § 1915 "are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or

appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (internal quotation marks and citation omitted). Indeed, the statute is "designed to require the prisoner to bear some marginal cost for each legal activity." *Id.* (internal quotation marks and citation omitted). Accordingly, when a prisoner has sufficient income to pay the initial partial payment or the monthly filing fee, but "instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments." *Id.*

Plaintiff submitted an Inmate Trust Accounting Statement, which reflected that between November 1, 2017, and April 2, 2018, he received average monthly deposits in his inmate account in the amount of $94.65. *See* [Doc. 2]. Based on the financial information submitted by Plaintiff, the Court granted his Application to Proceed in District Court without Prepaying Fees or Costs and ordered him to submit an initial partial payment in the amount of $18.93 (which is 20% of $94.65). [Doc. 3] (citing 28 U.S.C. § 1915(b)(1)(A) ("The Court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of . . . the average monthly deposits to the prisoner's account[.]")). At the time of filing of his Application to Proceed in District Court without Prepaying Fees or Costs, Plaintiff had sufficient funds available in his inmate account to submit an initial partial payment in the amount of $18.93. *See* [Doc. 2] (reflecting an ending balance of $52.97).

Plaintiff states that he needs the available funds in his inmate account to purchase items from commissary and to support himself after he is released from prison. [Doc. 4]. With respect to Plaintiff's first argument, the Court notes that requiring an indigent prisoner to choose between the purchase of amenities from the prison commissary and the pursuit of a civil action:

> merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system. If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, he has demonstrated an implied evaluation of that suit that the courts should be entitled to honor.

*Shabazz v. Parsons*, 127 F.3d 1246, 1249 (10th Cir. 1997) (internal quotation marks omitted).

As for Plaintiff's second argument, Plaintiff's monthly payment obligations under § 1915(b) will cease if he is released from custody. *See Brown v. Eppler*, 725 F.3d 1221, 1231 (10th Cir. 2013) (discussing the distinction between prisoner and non-prisoner *in forma pauperis* litigants under § 1915(b)). Although Plaintiff will remain obligated to pay the full amount of the filing fee, he may submit payments when he has sufficient funds to do so. *See id.* In the meantime, while he is incarcerated, Plaintiff is statutorily obligated to pay the initial partial payment and monthly filing fee when sufficient funds in his inmate account exist. *See* § 1915(b)(1) (requiring courts to "assess, and when funds exists, collect" an initial partial payment); § 1915(b)(2) (requiring "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" when "the amount in the account exceeds $10 until the filing fees are paid"); *see also* § 1915(b)(4) (excusing payment when the prisoner "has no assets and no means by which to pay the initial partial filing fee"). At the time of filing of the Appliation [Doc. 2], Plaintiff had sufficient funds available in his inmate account to submit an initial partial payment in the amount of $18.93, and therefore, his request to excuse submission of the initial partial payment will be denied.

Plaintiff must submit the previously ordered initial partial payment of $18.93, or show cause why the payment should be excused, within 30 days of the date of entry of this order. Failure to comply with the Court's order or the statutory requirements of 28 U.S.C. § 1915 may result in the dismissal of Plaintiff's civil rights complaint without prejudice without further notice. *See Cosby*, 351 F.3d at 1326 ("If a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action. In addition, if a court order requires partial payments, [Rule 41(b) of the] Federal Rules of Civil Procedure allow[s] a district court to dismiss the action for failure to comply with the order.") (internal citation omitted).

**IT IS THEREFORE ORDERED** that Plaintiff's request to excuse the initial partial payment [Doc. 4] is **DENIED**. Plaintiff must submit, within 30 days of the date of entry of this order, the previously ordered initial partial payment in the amount of $18.93 or show cause why the payment should be excused.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**